

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

───────────────────────────────────────────

*970 Broad Street, 7th floor*　　　　　　*973-645-2700*
*Newark, New Jersey 07102*

KMR/DMT/PL AGR
2021R00649

May 12, 2023

Andrew Olesnycky, Esq.
Stahl Gasiorowski, P.C.
53 Cardinal Drive, 3rd Floor
Westfield, NJ 07090

　　　　　　Re:　<u>Rule 11(c)(1)(C) Plea Agreement with Ryan Manuella</u>

Dear Mr. Olesnycky:

　　　This letter sets forth the plea agreement between your client, Ryan Manuella ("Manuella"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on May 19, 2023, if it is not accepted in writing by that date. If Manuella does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

　　　Conditioned on the understandings specified below, and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), this Office will accept a guilty plea from Manuella to a Superseding Information, which charges that on or about April 16, 2021, while onboard a flight from Denver, Colorado, to Newark, New Jersey, Manuella assaulted a passenger, with the intent to harass and intimidate the passenger, and caused substantial emotional distress to the passenger, in violation of 18 U.S.C. § 113(a)(2) and 18 U.S.C. § 2261A(1)(B). If Manuella enters a guilty plea and is sentenced to **a term of imprisonment of between 18 and 24 months, and a three-year term of supervised release on this charge (the "Stipulated Range")**, and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Manuella for his actions aboard United Airlines flight 1729 from to Denver International Airport to Newark Liberty International Airport on or about April 16, 2021.  In addition, if Manuella fully complies with this agreement, at sentencing, this Office will move to dismiss the Indictment, Criminal No. 23-132, against Manuella.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Manuella even if the applicable statute of limitations period for those charges expires after Manuella signs this agreement, and Manuella agrees not to assert that any such charges are time-barred.

If the Court rejects this plea agreement, Manuella may withdraw his guilty plea. Whether or not he does, if the Court rejects this plea agreement, this Office may withdraw from it. If the Court defers a decision to accept the plea agreement until the Court has reviewed the presentence report pursuant to Rule 11(c)(3)(A), Manuella will not move to withdraw his guilty plea unless and until the Court rejects the plea agreement.

Sentencing

The violation of 18 U.S.C. § 113(a)(2) to which Manuella agrees to plead guilty in the Superseding Information carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The prison sentence may run consecutively to any prison sentence Manuella is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

Pursuant to Rule 11(c)(1)(C), this Office and Manuella agree that a sentence within the Stipulated Range is the appropriate disposition of the case. Accordingly, if the Court accepts this plea agreement, the Court must sentence Manuella a term of imprisonment of between 18 and 24 months, and a three-year term of supervised release.

Further, in addition to imposing any other penalty on Manuella, the sentencing judge as part of the sentence:

(1) will order Manuella to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) may order Manuella to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*; and

(3) If Manuella violates any of the conditions of supervised release before the expiration of its term, Manuella may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment

set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Manuella by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Manuella's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Manuella will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. The stipulations in Schedule A are offered as recommendations to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

### Waiver of Appeal and Post-Sentencing Rights

If the Court imposes a sentence within the Stipulated Range, neither party will appeal that sentence. In addition, except as specified in the next paragraph

below, and in exchange for the concessions this Office made in entering into this plea agreement, Manuella will not challenge by any means his conviction or any component of his sentence. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence.

Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(1) Any proceeding to revoke the term of supervised release.

(2) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(3) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

(4) Any claim Manuella pursues in an appropriate forum, when permitted by law, that Manuella received constitutionally ineffective assistance of counsel.

Immigration Consequences

Manuella understands that, if Manuella is not a citizen of the United States, Manuella's guilty plea to the charged offense will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Manuella understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Manuella wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause Manuella's removal from the United States. Manuella understands that Manuella is bound by this guilty plea regardless of any immigration consequences. Accordingly, Manuella waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Manuella also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Manuella. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

## No Other Promises

This agreement constitutes the entire plea agreement between Manuella and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

*Katherine M. Romano*

By:    KATHERINE M. ROMANO
DENAE M. THOMAS
Assistant U.S. Attorney

APPROVED:

s/ R. David Walk, Jr.

R. DAVID WALK, JR.
Deputy Chief, Criminal Division

   I have received this letter from my attorney, Andrew Olesnycky, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver and immigration consequences. I understand that this plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and I accept those terms. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____  Date: 05/23/2023
Ryan Manuella

   I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver and immigration consequences. My client understands that this plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and my client accepts those terms. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____  Date: 5/23/23
Andrew Olesnycky, Esq.
Counsel for Defendant

<u>Rule 11(c)(1)(C) Plea Agreement With Ryan Manuella</u>

Schedule A

1. This Office and Manuella recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

1. The version of the Guidelines effective November 1, 2021 applies in this case.

2. The applicable guideline is U.S.S.G. § 2A2.2. This guideline carries a Base Offense Level of 14.

3. As of the date of this letter, Manuella has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Manuella's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

4. Accordingly, the parties agree that the total Guidelines offense level applicable to Manuella is 12 (the "Total Offense Level").